**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| IN THE MATTER OF:<br>**Michael Christopher Cluck**<br><br><br><br>DEBTOR(S) | )<br>)<br>)<br>)<br>)<br>) | BK. NO. **19-81471**<br>(Chapter 13)<br><br>**CHAPTER 13 PLAN**<br>**AND**<br>**NOTICE OF RESISTANCE DEADLINE** |

**NOTICE TO CREDITORS AND DEBTORS**

The Bankruptcy Court for the District of Nebraska enacts this Local Form Chapter 13 Plan [hereinafter "plan"] under the provisions contained in Rule 3015.1 of the Federal Rules of Bankruptcy Procedure. This form plan shall be used for all Chapter 13 plans filed on or after the effective date of Rule 3015.1.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to this plan no later than the date designated in the attached Notice of Resistance Deadline. The Bankruptcy Court may confirm or approve this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

**You must file a timely proof of claim in order to be paid under this plan.**

In this District, the amount set forth in the claim controls the amount to be paid to a creditor. The value of the collateral set forth in the claim controls the amount to be paid subject to the right of the debtor to object to the claim amount and/or the valuation of the collateral in the claim. Avoidance of security interests or liens must be done by motion or adversary proceeding as appropriate. Interest is paid to secured creditors in the amount and from the date specified in the plan.

The Debtor acknowledges that the plan does NOT INCLUDE provisions through which the plan ALONE would limit the amount of a secured claim or the value of collateral. The Debtor acknowledges that such limit on the amount of the claim or the value of the collateral shall be raised by objection to the claim.

The Debtor acknowledges that the plan does NOT INCLUDE provisions through which the plan ALONE would avoid a security interest or lien. The Debtor acknowledges that avoidance of a security interest or lien or the stripping of a lien shall be raised by motion or adversary proceeding as appropriate.

This plan requires that all nonstandard provisions be set forth in PART 11 of the plan and use of PART 11 must be identified by checking the box below.

**DEBTORS MUST CHECK ONE BOX BELOW TO STATE WHETHER NONSTANDARD PROVISIONS ARE OR ARE NOT CONTAINED IN PART 11 OF THIS PLAN. IF THE BOX IS CHECKED AS "NOT INCLUDED" OR IF BOTH BOXES ARE CHECKED, THE PROVISIONS CONTAINED IN PART 11 WILL BE INEFFECTIVE.**

| Nonstandard provisions, set out in PART 11 | ☑ Included | ☐ Not Included |
|---|---|---|

**PART 1.        PAYMENTS**

The Debtor or Debtors (hereinafter called "Debtor") submits to the Standing Chapter 13 Trustee all projected disposable income to be received within the applicable commitment period of the plan. The payment schedule is as follows:

| A. Monthly Payment Amount (include any previous payments) | B. Number of Payments | Base Amount (A X B) |
|---|---|---|
| $125.00 | 48 | $6,000.00 |

Total Plan Base Amount:  **$6,000.00**

The payment shall be withheld from the Debtor's paycheck:        Yes ☑            No ☐

Employee's name from whose check the payment is deducted:    **Michael Christopher Cluck**

Employer's name, address, city, state, phone:    **Jordan Brothers Inc. 1010 N 42nd Street Omaha NE 68131 402-991-6600**

Debtor is paid:        Monthly ☐        Twice Monthly ☑        Weekly ☐        Biweekly ☐        Other ☐ _____

This plan cures any arrearage in payments to the Chapter 13 Trustee under any prior plan in this case.

| Debtor | **Michael Christopher Cluck** | Case number | **19-81471** |
|---|---|---|---|

**NOTE: PLAN PAYMENTS TO THE TRUSTEE MUST BEGIN IMMEDIATELY FOR PLANS REQUIRING PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS OR LEASE PAYMENTS. IN THOSE CASES PROVIDING FOR EMPLOYER DEDUCTIONS, THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE BY MONEY ORDER OR CASHIER'S CHECK UNTIL THE EMPLOYER DEDUCTION BEGINS. IN CASES WITHOUT PRE-CONFIRMATION PAYMENTS, PLAN PAYMENTS MUST COMMENCE WITHIN 30 DAYS OF FILING OF THE PETITION. THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE UNTIL THE EMPLOYER DEDUCTION BEGINS.**

**PART 2.        ORDER OF PAYMENT OF CLAIMS**

Applicable Trustee fees shall be deducted pursuant to 28 U.S.C. § 586(e). Claims shall be paid in the following order; and, unless otherwise provided, claims within each class shall be paid pro rata:

1. Pre-confirmation payments for adequate protection or leases of personal property;

2. Minimum monthly payments to secured creditors listed in PART 6 of this plan, minimum arrearage payments and regular executory contract payments due on Executory Contracts and Leases in PART 7 of this plan, and minimum monthly payments on arrearages on 11 U.S.C. § 507(a)(1)(A) priority domestic support claims in PART 5(B) of this plan **[NOTE: IF THERE ARE NO MINIMUM ARREARAGE PAYMENTS OR REGULAR EXECUTORY CONTRACT PAYMENTS DESIGNATED IN THE PLAN, THOSE MONIES WILL BE DISTRIBUTED UNDER # 3 ON ATTORNEY FEES];**

3. The Debtor's attorney's fees and costs as approved by the Court **[NOTE: DEBTOR'S COUNSEL SHOULD NOT DESIGNATE A PER MONTH PAYMENT FOR ATTORNEY FEES. UNDER THIS ORDER OF PAYMENTS ALL FUNDS WILL BE CODED FOR ATTORNEY FEES AFTER THE BEFORE DISCUSSED MINIMUM MONTHLY PAYMENTS AND EXECUTORY CONTRACT PAYMENTS];**

4. After payments of the previously listed amounts in (1) through (3) above, additional funds will be distributed prorata to secured claims in **PART 6**, arrearages on Executory Contracts and Leases in **PART 7** of this plan and domestic support claims under 11 U.S.C. § 507(a)(1)(A) in **PART 5(B)** of this plan;

5. Other administrative expense claims under 11 U.S.C. § 503 and Chapter 7 Trustee compensation allowed under 11 U.S.C. § 1326(b)(3);

6. Other priority claims in the order specified in 11 U.S.C. § 507(a) including post-petition tax claims allowed under 11 U.S.C. § 1305;

7. Payments on co-signed unsecured claims listed in PART 8 of this plan;

8. General Unsecured Claims.

**PART 3.        §1326(A) PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS & LEASE PAYMENTS**

The following pre-confirmation adequate protection payments on claims secured by personal property and pre-confirmation lease payments for leases of personal property shall be paid by the Trustee to the below listed creditors without entry of an order of the Court. The Debtor proposing pre-confirmation payments will **immediately** commence plan payments to the Trustee. Creditors must file a timely proof of claim to receive payment. Payments by the Trustee shall commence to these creditors within 30 days of the filing of the proof of claim unless the Trustee does not have funds available within 7 working days prior to the end of the 30-day period. Post-confirmation payments are provided for below in **PARTS 6** and **7** of this plan.

| Creditor's Names and Full Address | Last Four Digits of Account Number | Date of Next Payment Due | Payment Amount |
|---|---|---|---|
| -NONE- | | | |

**PART 4.        ADMINISTRATIVE CLAIMS**

Trustee fees shall be deducted from each payment received by the Trustee.

**Neb. R. Bankr. P. 2016-1(A)(4)** and **Appendix "K"** provide for the maximum allowance of Chapter 13 attorney fees and expenses [Standard Allowable Amount "SAA"] which may be included in a Chapter 13 Plan. Additional fees or costs in excess of this amount must be approved through the "ALC" Fees process or a separate fee application. Fees and costs requested for allowance are as follows:

| "SAA" Fees Requested | Fees Received Prior to Filing | Balance of "SAA" Fees to Be Paid in Plan |
|---|---|---|
| $4,000.00 | $0.00 | $4,000.00 |
| "SAA" Costs Requested | Costs Received Prior to Filing | Balance of "SAA" Costs to Be Paid in Plan |
| $200.00 | $0.00 | $200.00 |

| Debtor | **Michael Christopher Cluck** | Case number | **19-81471** |
|---|---|---|---|

## PART 5  PRIORITY CLAIMS

11 U.S.C. § 1322(a) provides that all claims entitled to priority under 11 U.S.C. § 507(a) shall be paid in full in deferred cash payments unless the holder of a particular claim agrees to a different treatment of such claim except for a priority claim under 11 U.S.C. § 507(a)(1)(B). It is further provided that any and all pre-petition penalties, and post-petition penalties and interest, which have attached or will be attached to any such claim, shall be treated as a general unsecured claim and not entitled to priority. Such claims are as follows:

### A. Domestic Support Obligations

1) ☑ None. *If "None" is checked, the rest of § 5(A) need not be completed or reproduced*

### B. Arrearages Owed to Domestic Support Obligation Holders Under 11 U.S.C. § 507(a)(1)(A)

1) ☑ None. *If "None" is checked, the rest of § 5(B) need not be completed or reproduced.*

### C. Domestic Support Obligations Assigned To Or Owed To A Governmental Unit Under 11 U.S.C. § 507(a)(1)(B)

1) ☑ None. *If "None" is checked, the rest of § 5(C) need not be completed or reproduced.*

### D. Priority Tax Claims Including Post-Petition Tax Claims Allowed Under 11 U.S.C. § 1305

1) ☑ None. *If "None" is checked, the rest of § 5(D) need not be completed or reproduced.*

### E. Chapter 7 Trustee Compensation Allowed Under 11 U.S.C. § 1326(b)(3)

1) ☑ None. *If "None" is checked, the rest of § 5(E) need not be completed or reproduced.*

### F. Other Priority Claims: Provisions for treatment in Part 11 of plan.

## PART 6.  SECURED CLAIMS

### A. Home Mortgage Claims
(including claims secured by real property which the debtor intends to retain)

1) ☑ None. *If "None" is checked, the rest of § 6(A) need not be completed or reproduced.*

### B. Post-Confirmation Payments to Creditors Secured by Personal Property.
Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (1) and (2):

1) **Secured Claims to which § 506 Valuation is NOT applicable:**
   a. ☑ None. *If "None" is checked, the rest of § 6(B)(1) need not be completed or reproduced.*

2) **Secured Claims to which § 506 Valuation is applicable:**
   a. ☑ None. *If "None" is checked, the rest of § 6(B)(2) need not be completed or reproduced.*

### C. Surrender of Property

1) ☐ None. *If "None" is checked, the rest of § 6(C) need not be completed or reproduced.*
2) The Debtor surrenders any interest in the following collateral. Any secured claim filed by the below creditors will be deemed satisfied in full through surrender of the collateral. Any unsecured deficiency claim must be filed by the bar date for claims or allowed by separate order of the Court. **The Debtor requests that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects.**

| Name of Creditor | Collateral To Be Surrendered |
|---|---|
| **1. Great Southern Bank** | **2007 Nissan Altima w/ 112,000 miles** |

### D. Lien Avoidance and Lien Stripping

1) ☑ None. *If "None" is checked, the rest of § 6(D) need not be completed or reproduced.*

| Debtor | **Michael Christopher Cluck** | Case number | **19-81471** |
|---|---|---|---|

**PART 7.**     **EXECUTORY CONTRACTS/LEASES**

    **A.** The Debtor assumes the executory contract/lease referenced below and provides for the regular contract/lease payment to be included in the Chapter 13 plan. All other executory contracts and unexpired leases are rejected. Any pre-petition arrearage will be cured in monthly payments as noted below:

    **B.** Check One
        1) ☑ None. *If "None" is checked, the rest of § Part 7 need not be completed or reproduced.*

**PART 8.**     **CO-SIGNED UNSECURED DEBTS**

    **A.** ☑ None. *If "None" is checked, the rest of § Part 8 need not be completed or reproduced.*

**PART 9.**     **UNSECURED CLAIMS**
    **A.** Allowed unsecured claims shall be paid pro rata from all remaining funds.

**PART 10.**     **ADDITIONAL PROVISIONS**

    **A.** If there are no resistances/objections to confirmation of this plan or after all objections are resolved, the Court may confirm the plan without further hearing.

    **B.** Property of the estate, including the Debtor's current and future income, shall revest in the Debtor at the time a discharge is issued, and the Debtor shall have the sole right to use and possession of property of the estate during the pendency of this case.

    **C.** In order to obtain distributions under the plan, a creditor must file a proof of claim no later than 70 days after the filing of the petition except as provided in Rule 3002(c) of the Federal Rules of Bankruptcy Procedure.

    **D.** Unless otherwise provided in this plan or ordered by the Court, the holder of each allowed secured claim provided for by the plan shall retain its lien securing such claim as provided in 11 U.S.C. § 1325(a)(5)(B).

    **E.** After the bar date to file a proof of claim for non-governmental units passes, limited notice/service is approved for all post confirmation pleadings. Pleadings shall include applications for fees, amended plans and motions. Pleadings shall be served on all parties in interest. For purposes of this limited notice provision, a party in interest is a party whose interest is directly affected by the motion, a creditor who has filed a proof of claim, a party who has filed a request for notice, any governmental agency or unit that is a creditor and all creditors scheduled as secured or priority creditors. Any pleading filed with limited notice shall include a certificate of service specifically stating it was served with limited notice on all parties in interest pursuant to Neb. R. Bankr. P. 9013-1(E)(1). **Failure to comply shall result in deferral of the motion until a proper certificate of service is filed.**

**PART 11.**     **NONSTANDARD PROVISIONS**
Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this Local Form Plan or deviating from it. **Nonstandard provisions set out elsewhere in this plan are ineffective and void.**

The following plan provisions will be effective only if there is a check in the box "included" at the end of the opening **Notice to Creditors and Debtors** of this plan.

  The Debtor is leasing real property from Edvin Jurisevic. The Debtor shall continue to make the payments *directly*.

**NOTICE OF RESISTANCE DEADLINE**

**ANY RESISTANCE TO THIS PLAN OR REQUEST FOR A HEARING MUST BE FILED IN WRITING WITH THE BANKRUPTCY CLERK'S OFFICE (SEE ORIGINAL NOTICE OF BANKRUPTCY FOR ADDRESS) AND SERVED ON THE ATTORNEY FOR THE DEBTOR AT THE ADDRESS LISTED BELOW (OR SERVED ON THE DEBTOR, IF NOT REPRESENTED BY AN ATTORNEY), ON OR BEFORE:**

**(USE OPTION A OR B – AND CHECK ONE OF THE BOXES –** SEE LOCAL COURT RULES**)**
    A. ☐ **14 DAYS AFTER THE CONCLUSION OF THE MEETING OF CREDITORS**
                           **OR**
    B. ☑ **THE 19TH DAY OF NOVEMBER, 2019**

| Debtor | **Michael Christopher Cluck** | Case number | **19-81471** |
|---|---|---|---|

**IF A TIMELY RESISTANCE OR REQUEST FOR A HEARING IS FILED AND SERVED, THE BANKRUPTCY COURT WILL HANDLE THE RESISTANCE IN ACCORDANCE WITH NEB. R. BANKR. P. 3015-2. IF THERE ARE NO OBJECTIONS TO THE PLAN AS FILED, THE COURT MAY CONFIRM THE PLAN WITHOUT FURTHER HEARING.**

### CERTIFICATE OF SERVICE

On **October 7, 2019**, the undersigned mailed a copy of this plan to all creditors, parties in interest and those requesting notice by regular United States mail, postage prepaid. The parties to whom notice was mailed are either listed below or on the attached mailing matrix. The undersigned relies on the CM/ECF system of the United States Bankruptcy Court to provide service to the following: Kathleen A. Laughlin, Standing Chapter 13 Trustee District of Nebraska

Dated: **October 7, 2019**    Debtor(s)

By: **/s/ Ronald A. Hunter**
**Ronald A. Hunter
11605 Arbor St.
Suite 104
Omaha, NE 68144
(402) 397-6965
(402) 397-0607
ronahunterlaw@gmail.com**

By filing this document, the Attorney for the Debtor(s) or the Debtor(s) themselves, if not represented by an attorney certify(ies) that wording and order of the provisions in this Chapter 13 plan are identical to those contained in the Local Chapter 13 Plan for the United States Bankruptcy Court for the District of Nebraska, other than any nonstandard provisions included in **PART 11** of this plan.

```
Label Matrix for local noticing        Michael Christopher Cluck           PRA Receivables Management, LLC
0867-8                                  5626 Decatur Street                 PO Box 41021
Case 19-81471-TLS                       Omaha, NE 68104-4925                Norfolk, VA 23541-1021
District of Nebraska
Omaha Office
Mon Oct  7 11:14:07 CDT 2019

Acima Credit FKA Simple                 Acima Credit Fka Simpl              Advance America
9815 Smonroe Street                     9815 S Monroe St Fl 4               2085 N. 120th Street
Floor 4                                 Sandy, UT 84070-4384                Ste D-3
Sandy, UT 84070-4384                                                        Omaha, NE 68164-3480


American Profit Recovery                Centris Federal Credit Union        Chase Bank USA, N.A.
34505 W 12 Mile Rd Suite 333            11825 Q Street                      P.O. Box 740933
Farmington, MI 48331-3288               Omaha, NE 68137-3503                Dallas, TX 75374-0933



Check Into Cash                         (p)COBALT CREDIT UNION              Credit Management Services, Inc.
7910 W. Dodge Rd.                       ATTN DELINQUENCY RESOLUTIONS DEPT   c/o Steven J Morrison
Omaha, NE 68114-3423                    7148 TOWNE CENTER PARKWAY           105 North Wheeler; PO Box 1512
                                        PAPILLION NE 68046-2125             Grand Island, NE 68802-1512



Credit Mgmt.                            Donald E. Loudner III               Douglas County Attorney
6080 Tennyson Parkway                   The Saathoff Law Group, PC, LLO     1819 Farnam St.
Plano, TX 75024-6002                    440 Regency Parkway Drive, Ste. 132 Omaha, NE 68183-1000
                                        Omaha, NE 68114-3742


Douglas County Treasurer                Edvin Jurisevic                     Enhanced Recovery
909 Civic Center                        PO Box 540615                       PO Box 57547
1819 Farnam St.                         Omaha, NE 68154-0615                Jacksonville, FL 32241-7547
Omaha, NE 68183-1000



First Choice Money Center               First Premier Bank                  First Premier Bank
517 West 500 S                          3820 N Louise Ave                   P.O. Box 5524
Bountiful, UT 84010-8101                Sioux Falls, SD 57107-0145          Sioux Falls, SD 57117-5524



(p)GENESIS HEALTH CLUB MANAGEMENT       (p)GREAT SOUTHERN BANK              Midland Funding
ATTN CATIE E BIEHLER                    ATTN LEGAL DEPARTMENT               320 East Big Beaver
412 EAST 30TH AVENUE                    218 S GLENSTONE                     Troy, MI 48083-1271
HUTCHINSON KS 67502-2413                SPRINGFIELD MO 65802-3103



Midland Funding LLC                     (p)NATIONAL ACCOUNT SYSTEMS OF OMAHA (p)WYOMING FINANCIAL LENDERS INC
PO Box 2011                             PO BOX 45767                        11550 I STREET SUITE 150
Warren, MI 48090-2011                   OMAHA NE 68145-0767                 OMAHA NE 68137-1263



Portfolio Recov Assoc.                  (p)PORTFOLIO RECOVERY ASSOCIATES LLC Radius Global Solution
120 Corporate Blvd Ste. 100             PO BOX 41067                        7831 Glenroy Rd. Ste. 250
Norfolk, VA 23502-4952                  NORFOLK VA 23541-1067               Edina, MN 55439-3117
```

| | | |
|---|---|---|
| Radius Global Solutions LLC<br>PO Box 390915<br>Minneapolis, MN 55439-0911 | Red Credit Solutions, LLC<br>c/o Ashley Faier<br>6910 Pacific St., Suite 425<br>Omaha, NE 68106-1007 | Roderick J Kersch Jr.<br>3209 West 76th Street, Suite 301<br>Edina, MN 55435-5246 |
| Smart Sales   Leasing<br>5416 S 108th S<br>Hales Corners, WI 53130-1335 | U.S. Attorney<br>1620 Dodge St., #1400<br>Omaha, NE 68102-1506 | U.S. Attorney General<br>U.S. Dept. of Justice<br>Judiciary Center Bldg., 555 Fourth St.<br>Washington, DC 20530-0001 |
| US Department of Education<br>3015 S. Parker Road, Suite 400<br>Aurora, CO 80014-2904 | (p)VERIDIAN CREDIT UNION<br>P O BOX 6000<br>WATERLOO IA 50704-6000 | Wells Fargo Bank N.A.<br>d/b/a Wells Fargo Dealer Services<br>P.O. Box 19657<br>Irvine, CA 92623-9657 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Cobalt Credit Union<br>7148 Towne Center Pkwy<br>Papillion, NE 68046 | (d)Cobalt Credit Union<br>Attn Delinquency Resolutions Dept<br>7148 Towne Center Parkway<br>Papillion, NE 68046-2125 | Genesis Health Club<br>14651 Sprague St.<br>Omaha, NE 68116 |
| Great Southern Bank<br>1451 East Battlefield Street<br>Springfield, MO 65804 | (d)Great Southern Bank<br>430 South Avenue<br>Springfield, MO 65808 | National Account Systems of Omaha<br>PO Box 45767<br>Omaha, NE 68145-0767 |
| Payday Express<br>2906 N. 72nd St.<br>Omaha, NE 68134 | Portfolio Recovery Associates, LLC<br>PO Box 41067<br>Norfolk, VA 23541-1067 | Veridian Credit Union<br>PO Box 6000<br>Waterloo, IA 50704 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | (u)Venmo New York New York Casino<br>3790 S Las Vegas Blvd.<br>Las Vegas | End of Label Matrix<br>Mailable recipients    38<br>Bypassed recipients    2<br>Total                  40 |